UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHALINE JO NEVIEW and
HIAL JAMES NEVIEW,

           Plaintiffs,

v.

        Case Number 07-12302
        Honorable Thomas L. Ludington

D.O.C. OPTICS CORPORATION,
d/b/a as D.O.C.,

           Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT WITNESSES, DENYING PLAINTIFFS' MOTION OBJECTING TO MENTAL EXAMINATION, AND DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL**

Plaintiffs Michaline Jo Neview ("Neview") and Hial James Neview (collectively "Plaintiffs") allege that Defendant D.O.C. Optics Corporation ("Defendant") terminated Neview's employment in violation of various gender and age discrimination statutes. Recently, the parties filed various motions, including Defendant's motion for a protective order [Dkt. # 26], Plaintiffs' motion to strike Defendants' experts, Defendant's motion to compel, and Plaintiffs' emergency motion objecting to a mental examination. On December 9, 2008, the Court heard oral arguments concerning the motions. The parties' pleadings and oral argument indicated that many of the issues raised were resolved or moot.

A

First, Defendant requests that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) regarding the depositions of medical providers, Doctors Beard and

Kondapaneni. Dkt. # 26. Defendant objects to Plaintiff eliciting expert opinion testimony from either doctor because neither was designated an expert in required disclosures. Plaintiff contends that the Federal Rules of Civil Procedure view treating physicians different from "retained" experts, permitting treating physicians to render expert opinions.

Treating physicians may offer opinions regarding causation because "[i]t is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007). A plaintiff may inquire into causation theories to the extent that the opinions were formed during the time of treatment, not a later request of counsel. *Id.*

Plaintiffs did not identify either witness as providing expert opinion testimony. While Plaintiffs may elicit opinions formed during treatment, neither witness may offer expert testimony extraneous to treatment. Thus, the Court will grant in part the motion for a protective order.

B

Plaintiffs filed related motions raising issues with Defendant's expert disclosures. First, Plaintiff raises a challenge with respect to the four following potential experts: Dr. William Ager, Glenn Sheets, Dr. Michael Abramsky, and psychologist Dr. Barbara Schiff ("Dr. Schiff"). [Dkt. # 29] Defendant's response indicates that it does not intend to call Ager, Sheets, or Abramsky as witnesses. Thus, the motion will be granted with respect to these three witnesses.

Plaintiffs contend that Dr. Schiff was not disclosed as an expert until recently and that Defendant has not fulfilled the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Dr. Schiff was previously the subject of Defendant's motion for a mental examination of Plaintiff,

resolved by Magistrate Judge Charles E. Binder. Previously, Judge Binder granted Defendant's request for a mental examination pursuant to Federal Rule of Civil Procedure 35. Dkt. # 34. Judge Binder ordered Dr. Schiff to provide a curriculum vitae before the examination and a written report after conducting the examination. Dkt. # 35 at 2.

In response Judge Binder's order, Plaintiffs filed an emergency objection [Dkt. # 41], contending that the magistrate judge erred in directing the mental examination because (1) Neview underwent three other mental examinations in a related worker's compensation case, (2) Defendant did not disclose Schiff as an expert pursuant to the scheduling order (March 21, 2008), (3) Plaintiffs are prejudiced by the timing of the mental examination because they will be unable to procure a rebuttal witness, (4) Plaintiff must travel a distance in excess of fifty miles.

Defendant's response indicates that the examination took place on November 22, 2008 and that Dr. Schiff will produce a report shortly. Thus, many of the concerns presented in the motion are moot. Ultimately, Plaintiffs' motion lacks merit. Beyond the fact that Plaintiffs disagree with the magistrate judge's decision, Plaintiffs have not demonstrated a legal basis for concluding that the magistrate judge decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Thus, with respect to Dr. Schiff, Plaintiffs' motions will be denied.

C

Finally, Defendant requests that the Court order Plaintiffs to provide audio recordings of conversations recorded by Neview while employed by Defendant. At the hearing, Defendant indicated that Plaintiffs had produced the tapes. Thus, the motion is moot.

D

Accordingly, it is **ORDERED** that Defendant's motion for protective order [Dkt. # 26] is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** Defendant's motion to compel [Dkt. # 30] is **DENIED** as moot.

It is further **ORDERED** that Plaintiffs' motion to strike Defendant's experts [Dkt. # 29] is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that Plaintiff's emergency motion [Dkt/ # 41] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 15, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS