UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHALINE JO NEVIEW and
HIAL JAMES NEVIEW,

          Plaintiffs,

                                  Case Number 07-12302

v.                                   Honorable Thomas L. Ludington

D.O.C. OPTICS CORPORATION,
d/b/a as D.O.C.,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE OPINION TESTIMONY OF PLAINTIFFS' MEDICAL PROVIDERS

Michaline Jo Neview ("Neview") and her husband ("Plaintiffs") allege that Defendant D.O.C. Optics Corporation ("Defendant") terminated her employment in violation of various gender, sexual harassment, and age discrimination statutes. Plaintiffs' complaint alleges that Defendant permitted Neview to be sexually harassed by a co-worker, which caused mental-health issues. On December 1, 2008, Defendant filed a second motion challenging the propriety of opinion testimony to be offered by Plaintiffs.

A

At trial, Plaintiffs intend to call two medical providers – Dr. Kishore Kondapaneni, a psychiatrist, and William Beard, a licensed social worker. Defendant previously sought to preclude Plaintiffs from eliciting expert testimony from Kondapaneni and Beard because neither were timely disclosed as experts pursuant to Federal Rule of Civil Procedure 26. The Court granted that motion, but indicated that "Plaintiffs may elicit opinions formed during treatment, neither witness may offer

expert testimony extraneous to treatment." Dkt. # 47 at 2 (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007) (Treating physicians may offer opinions regarding causation because "[i]t is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician.")).

Plaintiff concurrently filed an objection to the magistrate judge's order permitting a mental examination. The Court overruled that objection, reasoning that Plaintiffs had not demonstrated that the magistrate judge's decision was "clearly erroneous or contrary to law." Dkt. # 47 at 3 (citing 28 U.S.C. § 636(b)(1)(A)).

On December 1, 2008, Defendant filed a second motion challenging the propriety of "expert" testimony to be offered by Plaintiff's medical providers. Largely duplicitous of an earlier motion, the Court will deny the motion, but clarify the permissible scope of testimony to be provided by Plaintiffs' expert witnesses. Defendant also requests that the Court exclude the testimony of Plaintiffs' economist, Dr. Calvin Hoerneman. Defendant contends that Hoerneman's testimony would be "superfluous" because jurors are capable of calculating Plaintiffs' damages without the assistance of expert opinion testimony. In their response, Plaintiffs assert that Defendant should be precluded from eliciting expert opinions from Dr. Barbara Schiff, who apparently conducted the mental examination. Alternatively, Plaintiffs argue that Kondapaneni and Beard should be permitted to offer expert testimony.

B

Pursuant to Federal Rule of Civil Procedure 26, Defendant again requests that the Court preclude expert testimony from Neview's medical providers, which was addressed in an earlier

-2-

order. Notwithstanding the earlier attention, Defendant's motion seeks definition of the boundaries of Neview's medical providers' testimony. *Fielden*, 482 F.3d at 869-70, permits a treating medical provider to offer opinions concerning injury causation as long as the opinion arose during the course of treatment, the witness was not retained for the purpose of litigation, and the opinions were formed at the time of treatment, not at the request of Plaintiffs' counsel. *Id.* at 867 n.1, 871. Moreover, the opinions should be based on the medical providers training and experience, not extraneous sources that were not relied upon at the time of treatment. *Id.* at 872.

C

Defendant also requests that the Court should hold a hearing to assess the reliability of the opinions of Plaintiff's medical providers pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In light of the Court's conclusions, the request is without force. The opinion testimony is bound by the percipient knowledge gained during treatment. Defendant has not indicated a specific concern why such testimony is potentially unsound.

D

Plaintiffs' response brief[1] requests the Court to preclude Dr. Schiff's testimony relating to the mental examination. While Plaintiffs raise the late-timing of Schiff's disclosure, these issues were already addressed by Magistrate Judge Binder and this Court in previous Orders. This collateral attack on the previously decided issue is without merit.

E

Defendant requests that the Court exclude the testimony of Plaintiffs' proposed expert economist. While Defendant suggests that his testimony is unnecessary because it addresses an

---

[1] Beyond the fact that the Court previously addressed this request, Plaintiff essentially incorporated a motion into a response brief. This Court's practice guidelines do not permit such motion practice.

uncomplicated subject, Defendant has not provided any Sixth Circuit authority that expert economic testimony is prejudicial or irrelevant. Moreover, such expert testimony assists the jury in understanding damage issues. The Court will deny this request.

Accordingly, it is **ORDERED** that Defendant's motion to bar expert testimony [Dkt. # 44] is **DENIED**. Plaintiffs may elicit testimony from the medical providers in a manner consistent with this Order.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 27, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 27, 2009.

s/Tracy A. Jacobs  
TRACY A. JACOBS